# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARIA CARSTENS and PAUL CARSTENS, <br><br> Plaintiffs, <br><br> v. <br><br> MICHELLE E. BROWN and ANDERS RIEGEL & MASSINGTON, LLC, <br><br> Defendants. | CIVIL ACTION NO. 3:CV-14-1043 <br><br> (JUDGE CAPUTO) |

## MEMORANDUM

Presently before the Court is the Complaint filed by Plaintiffs Maria and Paul Carstens. (Doc. 1.)  Because the Complaint fails to establish that the Court has subject matter jurisdiction over this action, it will be dismissed unless Plaintiffs can show that diversity jurisdiction is proper.

## I. Background

Plaintiffs commenced this action on or about May 30, 2014.  Plaintiff alleges that this Court has jurisdiction over the action pursuant to 28 U.S.C. § 1332. (*Compl.,* ¶ 7.)  Plaintiffs Maria and Paul Carstens allege that they are "wife and husband and adult individuals whom reside at 16198 Eagle Beak Circle, Woodbridge, Virginia 22191." (*Id*. at ¶ 1.)  Defendant Michelle E. Brown is alleged to be "an adult individual who resides at 600 Martz Road, Stroudsburg, Pennsylvania 18360." (*Id*. at ¶ 2.)  Defendant Anders Riegel & Masington, LLC is alleged to be "a limited liability corporation [sic] or similar entity, with a principal place of business at 18 N. 8th Street, Stroudsburg, Pennsylvania 18360." (*Id*. at ¶ 3.)

## II. Analysis

Federal courts have an obligation to address issues of subject matter jurisdiction *sua sponte*. *See Shaffer v. GTE North, Inc.*, 284 F.3d 500, 502 (3d Cir.2002) (citing *Club Comanche, Inc. v. Gov't of the Virgin Islands*, 278 F.3d 250, 255 (3d Cir. 2002)).  Plaintiff alleges that the Court's basis for jurisdiction is pursuant to 28 U.S.C. § 1332(a)(1). Section 1332(a)(1) gives district courts original jurisdiction to hear cases where the matter in controversy exceeds the value of seventy-five thousand dollars ($75,000) and is between citizens of different states.  In order for jurisdiction to exist, there must be complete diversity, meaning that each defendant must be a citizen of a different state from each plaintiff. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373, 98 S. Ct. 2396, 57 L. Ed. 2d 274 (1978).  Of course, "[t]he person asserting jurisdiction bears the burden of showing that the case is properly before the court at all stages of the litigation." *Packard v. Provident Nat'l Bank*, 994 F.2d 1039, 1045 (3d Cir. 1993).

"It is . . . well established that when jurisdiction depends upon diverse citizenship the absence of sufficient averments or of facts in the record showing such required diversity of citizenship is fatal and cannot be overlooked by the court, even if the parties fail to call attention to the defect, or consent that it may be waived."  *Thomas v. Bd. of Trs.*, 195 U.S. 207, 211, 25 S. Ct. 24, 49 L. Ed. 160 (1904).  Moreover, "[w]hen the foundation of federal authority is, in a particular instance, open to question, it is incumbent upon the courts to resolve such doubts, one way or the other, before proceeding to a disposition of the merits."  *Carlsberg Res. Corp. v. Cambria Sav. & Loan Ass'n*, 554 F.2d 1254, 1256 (3d Cir. 1977); *see also* Fed R. Civ. P. 12(h)(3).

**A.      Citizenship of Plaintiffs and Individual Defendant**

First, the Complaint fails to adequately allege the citizenship of Plaintiffs and individual Defendant Brown.  As set forth above, Plaintiffs allege they are "wife and husband and adult individuals whom reside at 16198 Eagle Beak Circle, Woodbridge, Virginia 221919." (*Compl.*, ¶ 1.)  Defendant Brown is alleged to be "an adult individual who resides at 600 Martz Road, Stroudsburg, Pennsylvania 18360." (*Id*. at ¶ 2.)

For purposes of diversity jurisdiction, a natural person is deemed to be a citizen of the state where she is domiciled. *Swiger v. Allegheny Energy, Inc.*, 540 F.3d 179, 182 (3d Cir. 2008) (citing *Gilbert v. David*, 235 U.S. 561, 569, 35 S. Ct. 164, 59 L. Ed. 360 (1915)).  To be domiciled in a state, a person must reside there and intend to remain indefinitely. *Krasnov v. Dinan*, 465 F.2d 1298, 1300-01 (3d Cir. 1972).  A person may have only one domicile, and thus may be a citizen of only one state for diversity jurisdiction purposes. *See Williamson v. Osenton*, 232 U.S. 619, 34 S. Ct. 442, 58 L. Ed. 758 (1914).

To the extent the Complaint alleges that Plaintiffs "reside" in Virigina and individual Defendant Brown "resides" in Pennsylvania, these allegations are not sufficient.  Residence is not the same as domicile and does not establish citizenship for diversity purposes. *See Krasnov*, 465 F.2d at 1300 (3d Cir. 1972) ("Where one lives is *prima facie* evidence of domicile, but mere residency in a state is insufficient for purposes of diversity") (internal citations omitted).  To properly plead diversity, Plaintiffs must allege both their and individual Defendant Brown's state of citizenship, not merely their state of residence.  As the Complaint does not contain these facts, the Court cannot determine

whether subject matter jurisdiction exists.

**B.     Citizenship of Limited Liability Company Defendant**

The Complaint also fails to adequately aver the citizenship of Defendant Anders Riegel & Masington, LLC.  As alleged in the Complaint, Defendant Anders Riegel & Masington, LLC is "a limited liability corporation [sic] or similar entity, with a principal place of business at 18 N. 8th Street, Stroudsburg, Pennsylvania 18360." (*Compl.*, ¶ 3.) (*Compl.*, ¶ 3.)  Plaintiff pleads the citizenship of this LLC Defendant incorrectly as though it is a corporation. *See* 28 U.S.C. § 1332(c)(1) ("a corporation shall be deemed to be a citizen of every State . . . by which it has been incorporated and of the State . . . where it has its principal place of business.").  LLC, however, denotes not a corporation, but a limited liability company, and "the citizenship of an LLC is determined by the citizenship of its members." *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 420 (3d Cir. 2010); *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195 (1990) (affirming that the citizenship of an artificial entity depends on the citizenship of all its members); *see also* 1 Fed. Proc., L. Ed. § 1:165 (2014) (acknowledging that a "limited liability company is a citizen, for purposes of diversity jurisdiction, of each state where its members are citizens.").  Where one or more of an LLC's members is itself another LLC, the citizenship of each LLC must be determined by "trac[ing] through however many layers of partners or members there may be." *Zambelli Fireworks*, 592 F.3d at 420.

Here, the Complaint fails to identify the member(s) of Anders Riegel & Masington, LLC and plead facts regarding the citizenship of those member(s).  Therefore, the Court cannot determine that diversity jurisdiction applies to this entity.

### III. Conclusion

Because the Court cannot determine whether subject matter jurisdiction exists, the matter is subject to dismissal under Federal Rule of Civil Procedure 12(h)(3).  However, Plaintiffs will be given an opportunity to amend the Complaint and show that diversity of citizenship jurisdiction exists.  Plaintiffs will be granted twenty-one (21) days in which to file an amended complaint.  Failure to do so will result in this action being dismissed.


June 3, 2014                                                         /s/ A. Richard Caputo
Date                                                                    A. Richard Caputo
                                                                           United States District Judge